A. J. BURRELL, Jessie Fisher, Leo Matthews, Norris Smith, J. N. Stanley, Percy Vaughn

v.

KAISER ALUMINUM AND CHEMICAL CORPORATION; the Aluminum Workers International Union; Local 205 of the Aluminum Workers International Union, an unincorporated association, G. A. Roundtree, President of Local 205 of the Aluminum Workers International Union; the Aluminum Workers International Union.

Civ. A. No. 67-86.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Aug. 8, 1968.

Murphy Bell, Baton Rouge, La., Jack Greenberg, Leroy D. Clark, Robert Belton, New York City, for plaintiffs.

F. W. Middleton, Jr., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., Robert P. Tiernan, Oakland, Cal., for defendant Kaiser Aluminum & Chemical Corp.

C. Paul Barker, Jerry L. Gardner, Jr., Dodd, Hirsch, Barker & Meunier, New Orleans, La., Herbert S. Thatcher, Washington, D. C., for defendants Aluminum Workers International Union and Local 205.

WEST, Chief Judge:

Plaintiff brings this suit under the Civil Rights Act of 1964 alleging racial discrimination in terms and conditions of employment at the Kaiser Aluminum & Chemical Corporation plant at Baton Rouge, Louisiana. Injunctive relief is sought by the plaintiff, who claims to represent himself and all other members of a class similarly situated. Some time prior to filing this suit, plaintiff had filed a complaint with the Equal Employment Opportunity Commission as required by Title VII, Sec. 706, of the Civil Rights Act of 1964. 42 U.S.C.A. § 2000e et seq. The allegations of that complaint were made the subject of a conciliation agreement which was later approved by the Equal Employment Opportunity Commission and signed by all parties to the present suit on January 30, 1966. This agreement, which was entered into for the purpose of settling the disputes between these parties provided, inter alia, "that the Commission, on request of any charging party or on its own motion, may review compliance with this agreement" and it further provided that "The Charging Party hereby waives, releases and covenants not to sue any respondent with respect to any matters which were or might have been al-

leged as charges filed with the Equal Employment Opportunity Commission, subject to performance by the respondents of the promises and representations contained herein. The Commission shall determine whether the respondents have complied with the terms of this agreement."

On January 20, 1967, plaintiff filed another complaint with the Equal Employment Opportunity Commission realleging violations of the Civil Rights Act of 1964. Later, upon demand made by an attorney for the N. A. A. C. P. Legal Defense and Educational Fund, Inc., the Commission, on May 15, 1967, issued a notice pursuant to Section 706(e) of the Act advising plaintiff that he could, within thirty (30) days of receipt of the letter, institute a civil action in the appropriate Federal District Court. This suit was then filed on June 15, 1967. But in the notice issued by the Commission, there was no statement that the Commission had been unable to obtain voluntary compliance with the Act, nor was there a statement that conciliation efforts had failed. On the contrary, the notice specifically stated that "the Commission has not made a determination as to whether or not there is reasonable cause to believe your charge is valid * * *."

No further action was taken by any of the parties insofar as the complaint pending before the Commission is concerned, and no determination has ever been made by the Commission as to whether or not there is reasonable cause to believe that plaintiff's charges are valid or as to whether or not there has been a noncompliance with the conciliation agreement of June 30, 1966.

After the filing of this suit, several continuances were granted at the joint request of all parties. Finally, by consent of all parties, a hearing was held before this Court on motions for summary judgment filed by the defendants. After hearing arguments of counsel and after considering the briefs filed by both sides, the Court concludes that this suit must be dismissed for lack of jurisdiction. No conciliation efforts have been made by the Commission as required by the Act since the signing of the conciliation agreement of June 30, 1966, and no determination has ever been made by the Commission as to whether or not there is probable cause for the plaintiff's complaints. This Court is of the opinion that Dent v. St. Louis-San Francisco Railway Company, et al., D.C., 265 F.Supp. 56 (1967) is controlling here. As stated by the Court in *Dent*:

"* * * the court is firmly of the opinion that conciliation was intended by Congress to be and is a jurisdictional prerequisite to the institution of a civil action under Title VII and that the actions instituted without this prerequisite must accordingly be dismissed. * * * The court cannot accept the view that a statutory requirement may be disregarded because of the caseload of an administrative agency." 265 F.Supp. at pages 58, 60.

See also Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (CA 4–1967), cert. den. 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880, reh. den. 390 U.S. 976, 88 S.Ct. 1061, 19 L.Ed.2d 1199; Mickel v. South Carolina State Employment Service, 377 F.2d 239 (CA 4–1967), cert. den. 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166.

Judgment will be entered accordingly.