**Norman WITTNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 25781.

United States Court of Appeals Fifth Circuit.

Jan. 23, 1969.

Thomas M. Haas, Mobile, Ala., for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Norman Wittner was convicted by a jury of violating various illegal whiskey statutes. He confines his appeal to an attack on the search of his house, urging that his motion to suppress evidence should have been granted. Having studied the briefs and record, we have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158 [January 2, 1969].

■■ On the basis of the briefs and record, we proceed to the merits of the case. In a nutshell, appellant contends that an Internal Revenue agent committed a fatal error when he entered appellant's house and commenced a search without first announcing his authority and purpose as required by 18 U.S.C. § 3109.[2] The testimony reflects that the Internal Revenue agent with the search warrant approached the front of the house while another agent found appellant in back, arrested him, went inside, and commenced a search. The agent with the warrant came inside and served it after the search had begun. The arresting officer did not make an official announcement of authority and purpose before entering the house. However, we believe this case is governed by the rule that a formal announcement of authority and purpose is not essential to the validity of an entry and search where such an announcement would be a useless gesture. Miller v. United States, 1958, 357 U.S. 301, 310, 78 S.Ct. 1190, 1196, 2 L.Ed.2d 1332; Der Garabedian v. United States, 5th Cir. 1966, 372 F.2d 697. Appellant knew he was being arrested, knew why he was being arrested, and knew why he and the officer were going inside the house.

Appellant relies on the recent case of Sabbath v. United States, 1968, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828, which reaffirmed that 18 U.S.C. § 3109 governs unannounced entries by police whether with a warrant or without, forcible or nonforcible. In that case, however, the police entered the defendant's house through an unlocked door without announcing their authority and purpose and before the defendant had seen them. He was not aware of the entry until it had been accomplished. In the case at bar, on the other hand, appellant was apprehended outside of his house and was obviously aware of the agent's authority and purpose prior to entry. Hence, a formal announcement of authority and purpose would have been a useless gesture. The failure to make one ought not to be held to have been a fatal error and will not be. The judgment of the district court is affirmed.

## APPENDIX
## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(2) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss.

---

**2.** 18 U.S.C. § 3109:

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of this authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a reponse opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
### FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.