UNITED STATES of America, Plaintiff-Appellee,

v.

ONE OLIVETTI ELECTRIC 10–KEY ADDING MACHINE, etc., Defendant-Appellant.

No. 26676.

United States Court of Appeals Fifth Circuit.

Jan. 23, 1969.

Walter M. Sekaly, Beaumont, Tex., for defendant-appellant.

Richard Brooks Hardee, U. S. Atty., Jacob F. Bumstead, Jr., Asst. U. S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before John R. Brown, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

The United States brought suit under the authority of 26 U.S.C. § 7302 for forfeiture of property used in a business conducted in violation of the federal wagering tax provisions, 26 U. S.C. § 4401 et seq. The district court found that an adding machine, a transistor radio, and $2,988 in currency and coin had been used and possessed and intended for use in an illegal wagering business conducted by Walter Sekaly, the owner of the property. Accordingly, these items were forfeited to the Government by the judgment of the court. Having studied the briefs and record, we are firmly convinced that the appeal from the district court's decision is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

■ On the basis of the briefs and record, we proceed to the merits. Appellant's first specification of error is directed toward his arrest, the search of his person, and the search of his business establishment, the Chalet Club. He argues that the official complaint for violation of the Internal Revenue laws, the search warrant, and the warrant for arrest were all void because the United States Commissioner who signed these documents was not presented with a sworn statement embodying the facts essential to show probable cause. Although Robert Sawyer, an Internal Revenue agent, prepared a detailed statement which was concededly sufficient to establish probable cause, appellant maintains that the statement was invalid because not sworn to by the agent. However, the agent presented the United States Commissioner with a sworn complaint and a sworn affidavit for search warrant and attached a copy of his statement to both. Moreover, both the sworn complaint and the sworn affidavit for search warrant incorporated the attached statement by clear reference. In our view appellant's objection was technical and insubstantial and therefore formed no basis for granting his motion to suppress.

■■ Additionally, it is urged that the search of appellant's person was invalid because not conducted pursuant to a warrant for arrest. This search produced currency in the amount of $2,022 which was admitted in evidence over objection and forfeited to the Government by the final judgment. Agent Sawyer testified, and the record reflects, that an arrest warrant was issued before he proceeded to the Chalet Club and that he so advised appellant before searching his person. Inasmuch as an officer is not required to have the arrest warrant in his possession when he makes an arrest, we find the contention that the search was not made pursuant to an arrest warrant to be without merit. See Fed. R.Crim.P. 4(c) (3).

■ The final specification of error relates to the sufficiency of evidence to

---

1. New Rules 17–20 adopted by the Fifth Circuit on December 6, 1968 are set out in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158.

support the finding that certain property was used and intended to be used in violation of the wagering tax provisions. While the trial judge found the evidence insufficient to support forfeiture of certain items involved in the suit, he found the testimony of Agents Sawyer and Blood more than adequate to support forfeiture of the adding machine, transistor radio, and $2,988 in currency and coin. His findings in this regard are not clearly erroneous.

Affirmed.

## APPENDIX
## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(2) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

### RULE 20
### FRIVOLOUS AND UNMERITOROUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.