**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The GREAT ATLANTIC AND PACIFIC TEA COMPANY, Inc., Respondent.**

**No. 26134.**

United States Court of Appeals
Fifth Circuit.

Jan. 28, 1969.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., John F. LeBus, Director, Region 15, N.L.R.B., New Orleans, La., H. M. Levy, Leon M. Kestenbaum, Attys., N.L.R.B., for petitioner.

Richard C. Keenan, W. Quinton Kendall, Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for respondent.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

### PER CURIAM:

The Board petitions for enforcement of an order wherein it found that the manager and assistant manager of A & P's grocery store in Ponchatoula, Louisiana committed violations of sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act (29 U.S.C. § 151 et seq.). Having studied the briefs and record, we have determined that the petition for enforcement is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced

The merits of the case can be quickly disposed of on the basis of the briefs and record. The findings that the manager and assistant manager unlawfully coerced employees concerning their union activities and unlawfully discharged employees Martin and Easley were based on credibility determinations by the trial examiner which we, according to our usual practice, must accept. NLRB v. Finesilver Mfg. Co., 5th Cir. 1968, 400 F.2d 644; NLRB v. Monroe Auto Equipment Co., 5th Cir. 1968, 392 F.2d 559. As nothing more than credibility is involved, it would not be worthwhile to review the evidence here. We believe the findings have adequate support in the record considered as a whole.

It follows that without question there must be compliance with the Board's order insofar as it enjoins the company from discouraging membership in the union which was attempting to organize the employees at Ponchatoula and insofar as it requires reinstatement of employees Easley and Martin with back pay. The company objects, however, to the breadth of the order because it is enjoined from discouraging membership "in any other labor organization" and from interfering "in any other manner" with the organization rights guaranteed employees by section 7 of the Act. Inasmuch as serious violations of section 8(a) (3) were involved in this case, we believe the Board was entitled to enjoin the company from discriminating "in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." Also, we believe the Board was justified in ordering the company to cease and desist from unlawful threats, unlawful promises of benefits, unlawful interrogation, and unlawful inducement of employees to engage in surveillance of other employees. These violations of 8(a) (1) were all involved in the case. On the other hand, we are constrained to modify the order to the extent that it enjoins the company from committing violations unrelated to the kind involved here. To limit and protect its contempt jurisdiction, this Court has not allowed orders so broad as to go beyond the class of violations involved in the case in the absence of a strong showing that the company has a proclivity to disregard the Act in its entirety. See Southwire Company v. NLRB, 5th Cir. 1967, 383 F.2d 235. In this case, we believe the proper course is to limit the breadth of the order to conduct like or related to the violations found by the Board.

Enforced as modified.

## APPENDIX

### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

#### RULE 17
#### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

#### RULE 18
#### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158. For cases heretofore placed on summary calendar, see Wittner v. United States of America, 5th Cir. 1969, 406 F.2d 1165; United States of America v. One Olivetti Electric 10-Key Adding Machine, etc., 5th Cir. 1969, 406 F.2d 1167, and United States of America v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc. and John J. King, 5th Cir. 1969, 406 F.2d 1170.

(2) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

## RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
### FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.