Melvin **THOMPSON**, Petitioner-Appellant,

v.

Wingate **WHITE**, Warden, Louisiana State Penitentiary, Angola, Louisiana, Respondent-Appellee.

No. 26696.

United States Court of Appeals
Fifth Circuit.

Jan. 28, 1969.

James A. Piper, Baton Rouge, La., Malcolm G. Mundy, Jr., New Orleans, La., for petitioner-appellant.

George A. Bourgeois, Jack E. Yelverton, Anthony J. Bonfanti, Asst. Attys. Gen., Baton Rouge, La., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal from a denial of habeas relief involves the validity of a search and seizure of narcotics in a hotel room in New Orleans. On the basis of the briefs and record, we have concluded that the case is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put the case on the summary calendar and notify the parties in writing.[1]

When *Thompson v. White* was first before this Court, we remanded for an evidentiary hearing in the federal district court on the ground that the evidence of record did not establish probable cause for the entry and search. 391 F.2d 724. In brief, the evidence available on the first appeal was that the police officers in New Orleans went to the Gladstone Hotel after receiving a telephone tip. There they talked with a man who said that a maid, while cleaning one of the rooms, had seen what she believed to be a narcotics outfit fall out of a shirt pocket. The officers established a surveillance and saw appellant and his wife go in the room at about 1:00 P.M.

1. In order to establish a docket control procedure the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158. For cases heretofore placed on summary calendar, see Wittner v. United States of America, 5th Cir. 1969, 406 F.2d 1165; United States of America v. One Olivetti Electric 10-Key Adding Machine, etc., 5th Cir. 1969, 406 F.2d 1167; United States of America v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc., 5th Cir. 1969, 406 F.2d 1170 and National Labor Relations Board v. The Great Atlantic & Pacific Tea Company, Inc., 5th Cir. 1969, 406 F.2d 1173.

Thereafter, they decided to enter without a warrant because they were having difficulty finding a judge to sign one and feared that if they waited the evidence would be destroyed. Without announcing themselves, they entered the room through an unlocked door and found narcotics. In reversing for a hearing, we held that information from an unknown source or a source unverified as to its consistent reliability does not establish probable cause. We added, however, that the veracity of an unknown informer can be sufficiently determined by the searching officers' personal observation of some activity which is consistent with the tip but which would appear harmless without it. In order to sustain the search, it was the State's duty at the subsequent hearing to show that the police had some evidence besides a tip from a source unverified as to its reliability. After the hearing, the district court decided that a sufficient showing had been made and therefore denied the petition for writ of habeas corpus.

■ As we read the transcript from the court below, very little, if anything, was added to the evidence that was before the original panel. The officers talked to the manager of the Gladstone Hotel who said that a maid had seen what she thought was a narcotics outfit in one of the rooms. They also questioned the maid, but she was nervous and not very helpful. They set up a surveillance and saw appellant and his wife go in the room. About forty-five minutes later, they made a warrantless, unannounced entry and search. The only additional evidence to which the State can point is Officer Favalora's testimony that Appellant Melvin Thompson was a known addict. The State interprets this to mean that appellant was recognized as an addict before he went in the room. It is argued that this identification together with the maid's tip established probable cause. However, Officer Favalora was not on the surveillance team because he was out trying to find a judge to sign the search warrant. He rejoined the officers at the hotel in time for the entry and search, but he could not have seen appellant to identify him before he got inside the room. From the standpoint of establishing probable cause, this, of course, was too late. Officer Lampard, the only other officer to testify, said nothing to indicate that he identified appellant as an addict when appellant and his wife were getting out of their car and going up to the hotel room. In fact, the only reason he gave for deciding to enter was that he feared that whatever evidence there might be would be destroyed if they waited any longer.

It is our conclusion that at the hearing in the court below the State failed to develop any concrete evidence to bolster the tip from the maid, a source unverified as to reliability. Therefore, we must reverse the judgment of the district court and remand for issuance of a writ of habeas corpus unless the State elects to retry appellant within a reasonable time.

Reversed and remanded with directions.

## APPENDIX

## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(2) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases

will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

### RULE 20
### FRIVOLOUS AND UNMERI-TORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.