**Loy Buford HALL, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 26774.**

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1969.

Loy Buford Hall, pro se.

Charles L. Goodson, U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion to vacate, 28 U.S.C. § 2255. We affirm.

The appellant attacks his conviction under 26 U.S.C. 5604(a) (1) for possession of non-tax-paid liquor, on the authority of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and United States v. Fine, D.C. E.D.Tenn.1968, 293 F.Supp. 189.

On the basis of the briefs and record, we have concluded that the case is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put the case on the summary calendar and notify the parties in writing.[1]

---

1. In order to establish a docket control procedure the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for, and propriety of, summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158. For cases heretofore placed on the summary calendar, see Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165; United States

■ This Court has recently upheld convictions under this statute, overruling contentions similar to those of the appellant. Anderson v. United States, 5 Cir. 1968, 403 F.2d 206; Brown v. United States, 5 Cir. 1968, 401 F.2d 769.

■ The appellant also contends that the sentencing court failed to comply with the provisions of Rule 11, F.R.Crim. P., before accepting his guilty plea. The district court held that the transcript refutes this contention. We agree. Therefore there was no need to hold an evidentiary hearing on the merits of the § 2255 motion. See Pursley v. United States, 5 Cir. 1968, 391 F.2d 224; Streator v. United States, 5 Cir. 1968, 395 F.2d 661.

The appellant has not sought appellate review of the district court's holding that the sentence should be run consecutively to, rather than concurrently with, another federal sentence. We note in passing that the record leaves no doubt that a consecutive sentence was awarded.

The judgment of the district court is affirmed.

Affirmed.

## APPENDIX

## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such

v. One Olivetti Electric 10-Key Adding Machine, etc., 5 Cir., 1969, 406 F.2d 1167; United States v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc. and John J. King, 5 Cir., 1969, 406 F.2d 1170;

N.L.R.B. v. Great Atlantic & Pacific Tea Co., 5 Cir., 1969, 406 F.2d 1173; Thompson v. White, 5 Cir., 1969, 406 F. 2d 1176.

response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

RULE 20

FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.