**Bobby B. JONES, Plaintiff-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.**

**No. 26634.**

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1969.

Bobby B. Jones, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Robert R. Crittenden, Asst. Atty. Gen., Lakeland, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Jones seeks review of an order of the district court denying, after an evidentiary hearing where he was represented by court-appointed counsel, his petition for a writ of habeas corpus. Appellant pled guilty and was convicted by the State of Florida of assault with intent to commit manslaughter after retained counsel negotiated a reduction of the charge from one of assault with intent to commit murder in the first degree. His principal contention is that his plea was fraudulently induced by his counsel's promise that he would "walk out a free man" if he did so. Jones, five relatives, and a friend testified to this effect at the plenary hearing in the district court.

Appellant's former counsel testified that on the day the guilty plea was entered, the appellant had been concerned whether he would be jailed immediately and that such a statement may have been made to assure the appellant that he would remain at liberty under his bond pending pre-sentence investigation. The attorney emphatically denied that the appellant was promised freedom if he pleaded guilty and further testified that he had informed his client that a prison sentence could be imposed.

The district court held that the plea was voluntarily and understandingly entered, and that the appellant had not proved that he was denied effective assistance of counsel. Rule 52(a), F.R. Civ.P., provides in part that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." After a careful review of the record, we have concluded that the district court's findings are not clearly erroneous and that summary disposition of this appeal without oral argument is appropriate. Accordingly, the Clerk of this Court has been directed, pursuant

to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, to transfer this case to the summary calendar and notify the parties in writing of the transfer.[1]

Affirmed.

## APPENDIX

## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OF AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

1. In order to establish a docket control procedure the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir., 406 F.2d 1158 [January 2, 1969]. For cases heretofore placed on summary calendar, see Wittner v. United States of America, 5th Cir., 1969, 406 F.2d 1165; United States of America v. One Olivetti Electric 10-Key Adding Machine, 5th Cir. 1969, 406 F.2d 1167; United States of America v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc. and John J. King, 5th Cir. 1969, 406 F.2d 1170; National Labor Relations Board v. Great Atlantic & Pacific Tea Company, Inc., 5th Cir. 1969, 406 F.2d 1173; and Thompson v. White, Warden, 5th Cir. 1969, 406 F.2d 1176.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.