**Nick MONTOS, Appellant,**

**v.**

**S. Lamont SMITH, Warden, Georgia State Prison, Reidsville, Georgia, Appellee.**

**No. 26231.**

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1969.

**1244**

Nick Montos, pro se.

Arthur K. Bolton, Atty. Gen., Mathew Robins, Marion O. Gordon, Asst. Atty. Gen., Courtney Wilder Stanton, Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant Montos seeks review of an order of the district court denying his petition for a writ of habeas corpus, after an evidentiary hearing where he was represented by court-appointed counsel. To exhaust his state post-conviction remedies, Montos filed a petition for habeas corpus in the City Court of Reidsville, Georgia, which denied relief. Prior to the date on which appellant filed his federal habeas petition, the State of Georgia enacted its new Habeas Corpus Act, Georgia Code § 50–127, effective July 1, 1967. That statute provides that the "superior courts" of the county of confinement shall have "exclusive jurisdiction" of habeas corpus actions. Appellant therefore has failed to exhaust available state post-conviction remedies. Reardon v. Smith, 5th Cir. 1968, 403 F.2d 773 [November 14, 1968].

In several cases where state prisoners seeking federal habeas relief have failed to exhaust state remedies, this Court has affirmed the denial of relief, but without prejudice to the merits of the claims, thereby in effect remanding the matters for initial state court action.[1] Undeveloped factual issues precluded immediate determination of the merits in the absence of an evidentiary hearing which "should be had ordinarily in those state courts where a fully effective, practicable procedure is available under state law." Peters v. Rutledge, 5th Cir. 1968, 397 F.2d 731, 735. The district court in this case, however, con-

---

1. E. g., Fox v. Dutton, 5th Cir. 1968, 406 F.2d 123 [December 12, 1968]; Reardon v. Smith, supra; Henderson v. Dutton, 5th Cir. 1968, 397 F.2d 375; Peters v. Rutledge, 5th Cir. 1968, 397 F.2d 731; State of Texas v. Payton, 5th Cir. 1968, 390 F.2d 261.

ducted an evidentiary hearing and there are no factual issues requiring further development. In these circumstances, the principles of comity, justice, and judicial efficiency underlying the exhaustion doctrine, *see* Peters v. Rutledge, supra, 397 F.2d at 738, do not call for remand to the state courts. Accordingly, we decide appellant's claim on its merits.

■ Having studied the briefs and record, we are convinced that the judgment of the court below is correct and that summary disposition of the appeal without oral argument is appropriate. Accordingly, the Clerk of this Court has been directed, pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, to transfer this case to the summary calendar and notify the parties of the transfer.[2]

■■ Appellant first contends that the State of Georgia waived its power to require service of the sentence under attack by returning him to federal custody, following his conviction and sentence in the Georgia courts, for completion of a federal sentence he was then serving. It is well established, however, that pursuant to a principle of reciprocal comity one sovereignty, consistent with its right to resume custody over the prisoner, may "temporarily waive its right to the exclusive jurisdiction of a person by delivering him over to another sovereignty" for trial or service of sentence. Lunsford v. Hudspeth, 10th Cir. 1942, 126 F.2d 653, 655. Appellant's contention is therefore without merit.

■■ Appellant next contends that he was denied due process by a conflict between the oral and written pronouncements of his sentence. He testified that the trial judge orally sentenced him to a term of between ten and twenty years in accordance with the recommendations of the jury. The written judgment contained the further statement that the sentence was to run consecutively with any other sentence the defendant was serving. Appellant maintains that the written judgment constituted an unconstitutional enlargement of the sentence as orally pronounced. See Bartone v. United States, 1963, 375 U.S. 52, 84 S.Ct. 21, 52 L.Ed.2d 11. But the oral sentence, in the absence of an expression that it was to be served concurrently with the federal sentence, would as a matter of state law run consecutively to the federal sentence. Grimes v. Greer, 1967, 223 Ga. 628, 157 S.E.2d 260.[3] The written judgment therefore only made explicit what was implicit in the oral pronouncement and did not constitute an enlargement thereof. We likewise find no merit in appellant's further contention that the oral sentence misled him into believing that the sentence was to run concurrently, thereby inducing him not to appeal the conviction. The written judgment clearly states that the sentences were to run consecutively, and we cannot agree that due process requires more.

■ Finally, appellant contends that the sentence is unconstitutionally ambiguous, uncertain and indefinite. It

---

**2.** In order to establish a docket control procedure the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir., 406 F.2d 1158 [January 2, 1969]. For cases heretofore placed on summary calendar, see Wittner v. United States of America, 5th Cir. 1969, 406 F.2d 1165; United States of America v. One Olivetti Electric 10-Key Adding Machine, etc., 5th Cir. 1969, 406 F.2d 1167; United States of America v. One 6.5 mm. Mann-

licher-Carcano Military Rifle, etc. and John J. King, 5th Cir. 1969, 406 F.2d 1170; National Labor Relations Board v. Great Atlantic & Pacific Tea Company, Inc., 5th Cir. 1969, 406 F.2d 1173; and Thompson v. White, Warden, 5th Cir. 1969, 406 F.2d 1176.

**3.** Montos testified that he believes the sentence "was specified to be concurrent." This testimony, however, is inconsistent with prior testimony and the statement of his counsel at the evidentiary hearing, and the district judge, as the trier of fact, was free to reject it. See Tyler v. Beto, 5th Cir. 1968, 391 F.2d 993.

is only required that the sentence "should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them; the elimination of every possible doubt cannot be demanded." United States v. Daugherty, 1926, 269 U.S. 360, 46 S.Ct. 156, 157, 70 L.Ed. 309. The judgment of the state court specifies that the sentence is "to be computed from the date of your reception at said [State] Penitentiary" and is to "run consecutively with any sentence that the Defendant is now serving, whether it be Federal or State." Appellant was then serving a federal sentence. A fair reading of the judgment indicates that the sentence was to commence when appellant was returned to the custody of the State and received at the State Penitentiary following the completion of his federal sentence. This would seem to fall well within the bounds of constitutionally required exactitude.

Accordingly, the judgment of the district court denying appellant's petition for a writ of habeas corpus is hereby affirmed on the merits.

## APPENDIX

## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be con-

sidered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing para-

graph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.