**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., Respondent.**

No. 26133.

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1969.

388

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Lawrence M. Joseph, Leon M. Kestenbaum, Attys., for N. L. R. B.

John M. Bee, Richard C. Keenan, Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for the Great A. & P. Tea Co., Inc.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

**PER CURIAM:**

The National Labor Relations Board (Board hereinafter) petitions for enforcement of its order issued against the respondent on June 23, 1967.[1]

From a study of the briefs and record we have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[2]

The Board's finding that respondent violated Section 8(a) (3) and (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (3), (1), is supported by substantial evidence on the record as a whole, and we conclude that the order must be enforced.

The respondent argues that in view of its offer to comply with the order there is no need for a decree of enforcement, and suggests that in seeking such decree the Board is engaging in an abuse of its administrative discretion. This Court has previously noted that Congress has entrusted broad discretion to the Board in the enforcement of the National Labor Relations Act. N. L. R. B. v. Local 926, International Union of Operating Engineers, A. F. L., C. I. O., 5 Cir. 1959, 267 F.2d 418. The Board has discretion in asking the courts to enforce its orders. It is not compelled by statute to seek enforcement. Within a reasonable discretion, the Board is entitled to judicial enforcement of its orders even in cases where the offending parties have already complied with the orders. N. L. R. B. v. Mexia Textile Mills, (1950) 339 U.S. 563, 70 S.Ct. 833, 94 L. Ed. 1067.

It was within the reasonable exercise of the Board's discretion to conclude that

---

1. 165 N.L.R.B. 127.

2. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158 [No. 26812, January 2, 1969].

an enforcement order was necessary to provide an effective remedy, and the Board's finding that the respondent violated provisions of the National Labor Relations Act is supported by substantial evidence on the record as a whole.

Enforced.

## APPENDIX

## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18

### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19

### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a mo-

tion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

### RULE 20

### FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.