Grant **HEATH**, Appellant,

v.

**Louie L. WAINWRIGHT**, Director, Division of Corrections, State of Florida, Appellee.

No. 26080.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1969.

Grant Heath, pro se.

Earl Faircloth, Atty. Gen., David U. Tumin, Asst Atty. Gen., Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Grant Heath appeals from the District Court's denial of habeas corpus relief after an evidentiary hearing. Since appellant is without counsel and none has been appointed, the case cannot be orally heard, see Elchuk v. United States, 1962, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802, and accordingly the case is properly placed on the summary calendar under Fifth Circuit Rule 18.[1] We affirm the judgment.

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158. For cases heretofore placed on the summary calendar see Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165; United States v. One Olivetti Elec. 10-Key Adding Mach., 5 Cir., 1969, 406 F.2d 1167; United States v. One 6.5 mm. Mannlicher-Carcano Military Rifle, 5 Cir., 1969, 406

The appellant is confined by authority of sentences totaling fifteen years for assault with intent to commit robbery and for conspiracy, which were imposed on October 18, 1963, by the Duval County, Florida, Criminal Court of Record. Upon direct appeal the judgment was affirmed. Heath v. State, Fla.App., 1964, 167 So.2d 236.

The district court held that the appellant had exhausted his state remedies, and that no federal question was presented by his contention that the prosecutor had "over-emphasized" his prior convictions, which was unsupported by factual allegations. An evidentiary hearing was ordered on the appellant's contentions of (1) denial of counsel on direct appeal; (2) ineffective assistance of counsel at trial; and (3) defective jury instructions on the elements of the offense of conspiracy.

At the hearing, the appellant was represented by court-appointed counsel, and he testified in his own behalf. His former counsel, who had been retained by his brother, also testified, as did the state trial judge and the prosecutor.

■ The district court stated reasons for denying habeas relief in a detailed memorandum opinion. The court held that the appellant abandoned his contention of denial of direct appeal counsel (which the transcript reflects) and that there was no merit to the appellant's other two contentions. The district court accepted the testimony of appellant's former counsel that he contacted all of the witnesses whose names were supplied by the appellant and rejected the contrary testimony of the appellant. We have discovered no clear error in the district court's findings. Rule 52(a). F.R.Civ.P.

■ The appellant contends that the district court erred in consolidating his claim of denial of defense witnesses with that of ineffective assistance of counsel. We see no prejudice, since the witnesses who were allegedly denied to the appellant were the same ones whose names, as the attorney testified, were not supplied him by the appellant. As we have just stated, we accept the district court's factual findings that these witnesses' names were not given to the attorney by the appellant. Incidentally, the trial transcript shows that the trial judge offered to issue instanter subpoenas for any defense witnesses desired, upon denying the defense motion for a continuance.

■ The appellant testified at the hearing in the district court that two of his four prior convictions were invalid because he was then indigent and unrepresented by counsel. At the trial, he admitted to three prior convictions, but this admission was stricken from the record and the jury was instructed to disregard it, upon defense objection after he had answered. Upon this appeal, the appellant contends that use of the invalid convictions invalidated his state convictions, citing Burgett v. Texas, 389 U.S. 109, 88

F.2d 1170; NLRB v. Great A. & P. Tea Co., 5 Cir., 1969, 406 F.2d 1173; Thompson v. White, 5 Cir., 1969, 406 F.2d 1176; Diffenderfer v. Homer, 5 Cir., 1969, 408 F.2d 1344; Meadows v. Cohen, 5 Cir., 1969, 409 F.2d 750; Byrd v. Smith, 5 Cir., 1969, 407 F.2d 363; Hall v. United States, 5 Cir., 1969, 407 F.2d 1320; Montos v. Smith, 5 Cir., 1969, 406 F.2d 1243; May v. State, 5 Cir., 1969, 409 F.2d 203; Grant v. United States, 5 Cir., 1969, 406 F.2d 1295; Nevels v. McCall, 5 Cir., 1969, 407 F.2d 390; Gamez v. Beto, 5 Cir., 1969, 406 F.2d 1000; Cappetta v. Wainwright, 5 Cir., 1969, 406 F.2d 1238; Jones v. Wainwright, 5 Cir., 1969, 406 F.2d 1241; United States v. Boukater, 5 Cir., 1969, 409 F.2d 537; Williams v. Anderson, 5 Cir., 1969, 407 F.2d 348; Boutwell v. Simpson, 5 Cir., 1969, 408 F.2d 629; NLRB v. Garland Knitting Mills, 5 Cir., 1969, 408 F.2d 672; Nelson v. United States, 5 Cir., 1969, 406 F.2d 1322; Morgan v. Underwood, 5 Cir., 1969, 406 F.2d 1253; NLRB v. Great A. & P. Tea Co., 5 Cir., 1969, 407 F.2d 387.

The First Circuit has likewise upheld summary disposition without oral argument. See Magnesium Casting Co. v. Hoban, 1 Cir., 1968, 401 F.2d 516, cert. denied, 1969, 393 U.S. 1065, 89 S.Ct. 720, 21 L.Ed.2d 708. The Ninth Circuit, too, has adopted a rule providing for summary affirmance. See Page v. United States, 9 Cir., 1966, 356 F.2d 337.

S.Ct. 258, 19 L.Ed.2d 319 (1967). The district court made no findings on the point. That was not necessary, however, since the ground was not alleged in the federal habeas petition, and the record clearly shows that relevant state remedies have not been exhausted. See Boyer v. City of Orlando, 5 Cir. 1968, 402 F.2d 966 and cases there cited.

The district court held that there was no error in the state trial court's instruction on the elements of the offense of conspiracy and that the appellant was not denied effective representation of counsel at his trial. We have found no error of law, after careful examination of the voluminous record.

The judgment of the district court is affirmed.