**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles E. FILLS, Defendant-Appellant.**

**No. 26775.**

United States Court of Appeals Fifth Circuit.

March 20, 1969.

Charles E. Fills, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Morton L. Susman, U. S. Atty., Ronald J. Blask, Asst. U. S. Atty., Houston, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

This is an appeal from the denial of a motion, brought under 28 U.S.C.A. § 2255, to vacate judgment and sentence. We affirm.

Appellant contends that he was mentally incompetent to aid counsel in his defense in February, 1967, when he pleaded guilty to possession of stolen mail matter in violation of 18 U.S.C. § 1708. He also alleged in his motion that he stole the letter under an "irresistible impulse."

The district court, prior to the evidentiary hearing, appointed counsel for appellant. The court also had appellant removed from Leavenworth to Houston and examined by a psychiatrist. The psychiatrist gave opinion testimony at the hearing on the motion that appellant was mentally competent and responsible at all relevant times. Appellant was present at the hearing, participated in examining the psychiatrist, but did not testify. He attached to his motion a probation report relative to an earlier offense which contained much background material concerning his problems. He also attached affidavits of a psychiatrist whom he had consulted more than ten years previously, and whose view was that appellant then had a neurotic character disorder.

In his brief filed in this Court, appellant contends that the court-appointed psychiatrist made an inadequate examination of him. We find this contention to be without merit. The district court did not err in rejecting the claims of appellant.

Affirmed.

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165, Fn 1 and Appendix thereto.