**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BRADENTON COCA–COLA BOTTLING COMPANY, also d/b/a Sarasota Coca-Cola Bottling Company of Sarasota, Florida, Respondent.**

**No. 25320.**

United States Court of Appeals Fifth Circuit.

Oct. 23, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Richard N. Chapman, Atty., N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Lawrence M. Joseph, Jeffrey Spragens, Attys., N.L.R.B., for petitioner.

O. R. T. Bowden, Charles F. Henley, Jr., Hamilton & Bowden, Jacksonville, Fla., for respondent.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

■■ The record before the National Labor Relations Board fully supported the finding by the Board that the respondent did not carry out its duty "to meet and confer with the Union at reasonable times and intervals" in an effort to arrive at a contract. See NLRB v. Exchange Parts Co. (5 Cir. 1965) 339 F.2d 829. Such failure warranted the Board's finding a violation of Section 8(a) (1) and 8(a) (5) of the National Labor Relations Act.

■ There is no merit in the respondent's contention that the duty to bargain ceased when a subsequent decertification petition was filed. The Board concluded that the unfair labor practice had taken place long before the filing of such petition. We conclude that the record fully supports this finding.

■ Finally, we do not believe the order entered by the Board was too broad in requiring respondent to cease and desist from "in any like or related manner interfering with, restraining or coercing its employees in the exercise of their right to self-organization." This order does not have the defects contained in the order in NLRB v. Express Publishing Company, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930. Rather it falls within the language of the Court's conclusion that it was appropriate to restrain the practice and "other like or related unlawful acts." See 312 U.S. 426, 436, 61 S.Ct. 693, 700.

The Order will be enforced.