**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CURTIS MANUFACTURING CO., Inc., Respondent.**

No. 28219
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1970.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Harold A. Boire, Director, Region 12, N. L. R. B., Tampa, Fla., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Peter Ames Eveleth, Harold B. Zanoff, Attys., N. L. R. B., for appellant.

Eli H. Subin, of Roth, Segal & Levine, Orlando, Fla., for respondent.

Before JOHN R. BROWN, Chief Judge, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The Board petitions for enforcement of an order finding that Curtis Manufacturing had violated § 8(a) (1) and § 8(a) (3) of the National Labor

Relations Act, 29 U.S.C.A. § 151 et seq.[1] The violations were found to have occurred in connection with the Union's[2] attempt in the spring of 1967 to organize the company's employees. This organizational activity took place in the employer's Orlando, Florida manufacturing plant where the company manufactures men's trousers.

The 8(a) (1) violations were threats of economic reprisals against union adherence and threats of plant shut downs if the union was successful in its organization attempts, etc. The § 8(a) (3) violation was the discriminatory discharge of one of the female workers in the plant. As is usually the case, the employer claims the discharge was for cause. A slightly different twist is added to the usual 8(a) (3) violation, however, since the alleged discriminatee admittedly had been engaged in a loud vocal dispute with her employer and discharged apparently for cause shortly before the discharge at issue. The employee was, however, rehired and there is substantial evidence supporting the Board's conclusion that the second discharge was discriminatory.

■■ As to both the § 8(a) (1) and § 8(a) (3) violations, the Board's findings were based upon acceptable credibility choices that are for the Board and not for this Court. NLRB v. Finesilver Mfg. Co., 5 Cir., 1968, 400 F.2d 644; NLRB v. Great Atlantic and Pacific Tea Co., 5 Cir., 1969, 406 F.2d 1173.

It therefore follows without question that the Board's cease and desist order should be enforced insofar as it pertains to § 8(a) (1) coercive conduct and the reinstatement of the discriminatee with backpay.

■ The Board was not, however, justified in expanding the hearing examiner's recommended order to provide that the employer should cease from "in any other manner, interfering with, restraining, or coercing employees in the exercise of the rights granted in § 7 of the act." It would be quite sufficient to retain the words used by the hearing examiner both in the order and notice—"in any like or related manner"—for the too broad term—"in any other manner"—used by the Board.

■ Such broad orders will be enforced by this Court only when there has been a showing of a "proclivity" to violate the act. While remedy is ordinarily for the Board, NLRB v. Gissel Packing Co., 1969, 395 U.S. 575, 610, 89 S.Ct. 1918, 1938, 23 L.Ed.2d 547, 576, we scrutinize orders in the light of the record. "To limit and protect its contempt jurisdiction, this Court has not allowed orders so broad as to go beyond the class of violations involved in the case in the absence of a strong showing that the company has a proclivity to disregard the Act in its entirety." NLRB v. Great Atlantic and Pacific Tea Co., *supra*, at 406 F.2d 1175; J. P. Stevens & Co. v. NLRB, 5 Cir., 1969, 417 F.2d 533 [Oct. 3, 1969].

Here there is no adequate showing of such prior conduct. Although the violations here may be considered extensive, a representation election was held, the Union won, and in due course a collective bargaining agreement has been entered into between the employer and the Union. Thus we believe that the proper course is to limit the breadth of the order to conduct like or related to the violations found by the Board.

Enforced as modified.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

2. Amalgamated Clothing Workers of America, AFL–CIO.