**CAMERON IRON WORKS, INC.,**
Petitioner-Cross Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent-Cross Petitioner.

No. 71–3514
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 26, 1972.

Ron D. Daugherty, Carlton Wilde, Houston, Tex., for petitioner; Bracewell & Patterson, Houston Tex., of counsel.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

**610**

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Clifford W. Potter, Regional Director, Region 23, N.L.R.B., Houston, Tex., Peter G. Nash, Gen. Counsel, Leonard M. Wagman, Charles P. Donnelly, Attys., N.L.R.B., Washington, D. C., for respondent.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is a petition by Cameron Iron Works to review an order of the National Labor Relations Board, and a cross-application by the Board to enforce its order. We deny the petition and grant the application for enforcement.

The pertinent facts are few and undisputed. One Keith Baker was employed by Cameron in January 1968. The union which had represented Cameron's electricians for approximately 25 years under amicable conditions selected Baker as a steward in November 1968. In April 1969, Cameron promoted Baker to leadman electrician, a position entailing an increase in salary and responsibility. He performed in both his union steward and company leadman capacities until October 1970 with no objection from company management. However, beginning in July 1970, due to the filing of a number of grievances by employees, Baker's position as steward required him to spend considerable time processing complaints and discussing their resolution with the chief steward and company officials. Much of this activity occurred before and after Baker's shift, or during his lunch or break periods. However, some of it took place during his regular working hours. As a consequence, Cameron officials became concerned that Baker's union activities were interfering to an unacceptable degree with his duties as leadman; they therefore put him to the single choice of resigning his steward's position, or giving up his leadman rank and accepting a demotion to journeyman. Baker opted to relinquish his role as steward, and the union subsequently filed charges against Cameron, alleging an unfair labor practice.

The Board affirmed the Trial Examiner's conclusions of fact and law and found that the company had violated Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1), by interfering with its employees' Section 7 rights of organization and representation. 29 U.S.C.A. § 157. The Board's order required the company to cease and desist from:

(a) requiring any employee, as a condition to holding the position of leadman, to resign from or reject the position of union steward;

(b) in any like or related manner interfering with, restraining or coercing employees in the exercise of their rights guaranteed under Section 7 of the Act.

■■ We agree with the Board that the single ultimatum to Baker went beyond the range permitted to company action. Though the company has an undeniable interest in maintaining efficiency and order in its employees' on-the-job performance, Davison-Paxon Company v. NLRB, 462 F.2d 364 (5th Cir. 1972), by forcing Baker's stewardship resignation it impinged upon his right to act in that capacity *during off-duty hours,* and on the union's right to be represented by him during those hours—if it so chose. We thus enforce part (a) of the Board's order, both as it applies to Baker and to all other employees as well. One caveat is in order. Our enforcement of this order is in no way intended to restrain the company from limiting, or indeed completely prohibiting, on-the-job steward activities. As the Board itself concedes, working time is for work, and except for arbitrary restrictions which in nowise contribute to the efficiency of company business, the rights of employees and union stewards to pursue union affairs during business hours may be limited by the company. The scope and character *of any restrictions on that limitation are* committed to the bargaining table and not the Board.

We are impressed with the company's contention that part (b) of the Board's order is unnecessarily broad, particularly in light of the 25-year history of good relations between Cameron and the union, and the absence of any indication whatever of anti-union discrimination or proclivity toward unfair practice on Cameron's part. Nevertheless, it is settled that by limiting its catch-all order with the words "in any like or related manner," the Board acted within its broad discretion to effectuate the purposes of the Act. NLRB v. Express Publishing Co., 312 U.S. 426, 436, 61 S.Ct. 693, 699, 85 L.Ed. 930 (1941); NLRB v. Bradenton Coca Cola Bottling Co., 402 F.2d 84, 85 (5th Cir. 1968); see also NLRB v. Curtis Mfg. Co., 421 F.2d 1335 (5th Cir. 1970). We thus reject Cameron's argument that the order is fatally overbroad, and in all respects find it due to be

Enforced.