406 F.2d 1170
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 6.5 MM. MANNLICHER-CARCANO MILITARY RIFLE, Model 91-38,
Serial No. C2766, with appurtenances, and One .38 Special
S&W Victory Model Revolver, Serial No. V510210, with
appurtenances, Defendant-Appellant.
 No. 26620.
 United States Court of Appeals Fifth Circuit.
 Jan. 23, 1969.
 
 Charles F. Hawkins, William C. Garrett, Eugene R. Lyerly, Kilgore & Kilgore, Dallas, Tex., for defendant-appellant.
 Melvin Diggs, Eldon B. Mahon, U.S. Attys., Edwin L. Weisl, Jr., Asst. Atty. Gen., Dallas, Tex., Morton Hollander, Irwin Goldbloom, John C. Eldridge, Attys., Dept. of Justice, Washington, D.C., for plaintiff-appellee.
 Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 This action was commenced by the United States on September 10, 1965, by the filing of a libel of information against two weapons which had previously been owned by Lee Harvey Oswald. The Government alleged that the weapons had been forfeited to the United States by virtue of violations of the Federal Firearms Act. Appellant, on October 8, 1965, intervened by filing a 'claim of owner' and sought 'to defend accordingly.' Thereafter, a stipulation of facts, expressly limited to the forfeiture proceeding and signed by counsel for the Government and appellant, was filed with the district court. That court held that there had been violations of the Federal Firearms Act and, accordingly, entered an order of forfeiture on February 24, 1966. United States v. One 6.5 mm. Mannlicher-Carcano Military Rifle, N.D.Texas 1966, 250 F.Supp. 410. On appeal, this Court reversed the district court's determination and held that the Government would have to acquire title to the weapons by condemnation. King v. United States, 5 Cir. 1966, 364 F.2d 235.
 
 
 2
 Thereafter, on November 1, 1966, the Attorney General, acting under the authority provided by Public Law 89-318, 79 Stat. 1185, published his determination that the various items considered by the Warren Commission, including the weapons which were the subject of the forfeiture proceeding, should be acquired by the United States. Upon the publication of the Attorney General's determination, 'all rights, title, and interest in and to' the weapons 'vested in the United States.' Section 2(b), Public Law 89-318, 79 Stat. 1185.
 
 
 3
 On October 27, 1967, appellant King filed a suit predicated upon Public Law 89-318 against the Government in the United States District Court for the District of Colorado seeking just compensation for the two weapons acquired by the United States. That action is presently pending.
 
 
 4
 Then, on February 19, 1968, appellant filed a motion in the court below praying that a judgment be entered 'as of August 23, 1966'[1] which, in effect, would adjudge him to be the owner of the weapons, subject to the rights that the United States may subsequently have acquired by condemnation. The court below, however, entered an order vacating the judgment of forfeiture dismissing the libel and dissolving the writ of attachment. King brings this appeal alleging that the court below erred in refusing to adjudicate his claim of ownership. Having studied the briefs and record, we are convinced that the judgment of the court below is correct and that summary disposition of the appeal without oral argument is appropriate. Accordingly, the Clerk of this Court has been directed, pursuant to new Rule 18 of the Rules of United States Court of Appeals for the Fifth Circuit, to transfer this case to the summary calendar and notify the parties of the transfer.[2]
 
 
 5
 Appellant relies primarily upon 28 U.S.C. 2465,[3] providing for the return of property to the claimant in forfeiture proceedings upon entry of a judgment in his favor, in support of the contention that the court below should have determined his ownership of the weapons. That section, however, is inapplicable in this instance. Although an adjudication of ownership would be in order where the property was to be returned to the claimant, the title to the weapons was vested in the United States by the publication of the Attorney General's determination on November 1, 1966. As a result, the court below was without authority to return the property to the claimant in the forfeiture proceeding, and therefore appellant's asserted ownership was immaterial in the subsequent proceedings below. True, ownership of the weapons prior to condemnation by the Government is quite relevant to appellant's claim for compensation now pending in Colorado. But that is a question to be decided by that court, which is 'to hear, determine, and render judgment upon any claim for just compensation * * *' Section 3, Public Law 89-318, 79 Stat. 1185.
 
 
 6
 We also reject appellant's contention that the court below had already determined all facts necessary to determine ownership of the weapons by virtue of the stipulations entered in the forfeiture proceeding and the corollary contention that an adjudication of ownership in the Colorado court would constitute duplicitous litigation. The sole issue involved in the court below was the validity of the in rem proceedings, i.e., whether Oswald's conduct violated the Federal Firearms Act. The court expressly stated that the stipulated facts were 'for the purpose of the aboveshown action and for no other purpose, even though the parties thereto may be identical * * *' 250 F.Supp. at 415. Appellant was not entitled to have the court below render a judgment on unconsidered, undecided issues in order that he might assert its application in the compensation proceedings.
 
 
 7
 Finally, appellant contends that his prayer for delivery of the weapons constitutes a counterclaim, and, therefore, the dismissal of the libel contravenes Rule 41.[4] The simple answer to this contention is that the forfeiture proceedings had been carried to completion when appellant first presented his prayer for delivery, the alleged counterclaim, in February, 1966. The issue of ownership had already been raised in the Colorado proceedings instituted by appellant. Accordingly, the court below correctly dismissed the libel without adjudicating appellant's ownership claim.
 
 
 8
 Affirmed.
 
 APPENDIX
 
 9
 RULES OF UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
 
 RULE 17
 DOCKET CONTROL
 
 10
 In the interest of docket control, the chief judge may from time to time, in his discretion Appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.
 
 RULE 18
 SUMMARY CALENDAR
 
 11
 (a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.
 
 
 12
 (2) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.
 
 
 13
 (c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.
 
 RULE 19
 MOTION TO DISMISS OR AFFIRM
 
 14
 Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.
 
 
 15
 (a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.
 
 
 16
 (b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.
 
 
 17
 The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.
 
 
 18
 The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.
 
 
 19
 After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.
 
 
 20
 The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.
 
 RULE 20
 FRIVOLOUS AND UNMERITORIOUS APPEALS
 
 21
 If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.
 
 
 
 [1]
 That is the date on which the mandate of this Court reversing the order of forfeiture was filed in the court below
 
 
 [2]
 In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17-20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Teansport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158 (January 2, 1969). For cases heretofore placed on summary calendar, see Wittner v. United States of America, 5th Cir. 1969, 406 F.2d 1165, and United States of America v. One Olivetti Electric 10-Key Adding Machine, ect., 5th Cir. 1969, 406 F.2d 1167
 
 
 [3]
 'Upon the entry of judgment for the claimant in any proceeding to condemn of forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agnet * * *.' 28 U.S.C. 2465
 
 
 [4]
 Rule 41(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part:
 'If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.'