**UNITED STATES of America,
Plaintiff,**

v.

**$22,993.00 IN CURRENCY, and one 1967 Chevrolet, Caprice Station Wagon, 8 Cylinder, Motor No. 1664557D106199, its Tools and Appurtenances, Defendant.**

Civ. A. No. 67–854.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 22, 1971.

Jack R. Schupp, Asst. U. S. Atty., for plaintiff.

Virgil M. Wheeler, Jr., Albert B. Koorie, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

## I. FACTS

On March 4, 1967, special agents of the Internal Revenue Service seized $22,993.00 in currency and one 1967 Chevrolet, Caprice station wagon, 8 cylinder, Motor No. 1664557D106199, its tools and appurtenances. The United States filed a complaint on June 14, 1967, against the seized property for its forfeiture because of violations of various sections of the internal revenue laws. The sections in question were sections 4401, 4411, 4412, 4901, 7201, 7206(1), 7262, and 7302 of Title 26 of the United States Code. The United States Marshal took custody of the seized property.

On December 12, 1967, Jack L. Lewis intervened and claimed ownership at the time of the seizure of the Chevrolet and $15,993.00, and Edward L. Lane did the same for the remainder, $7,000.00. On the same day, this court ordered that the Chevrolet be released to Jack L. Lewis upon his filing a surety bond for $3,900.00. Lewis filed such a bond. On January 20, 1971, Lewis and Lane transferred and assigned the sum of $20,000.00, out of the $22,993.00, to their lawyers, Virgil M. Wheeler, Jr., and Albert B. Koorie. The transfer was in consideration for past legal services performed and was duly registered and recorded in the Conveyance Offices of Jefferson and Orleans Parishes, Louisiana, in January, 1971.

Subsequently, on April 15, 1971, the District Director of Internal Revenue made a jeopardy assessment against Lewis and Lane in excess of $100,000.00. He thereafter caused a notice of levy to be served upon the United States Marshal, seeking to seize the property that is the subject of this action. On June 15, 1971, Wheeler and Koorie moved that they be permitted and authorized to file a petition of intervention asserting a claim for $20,000.00. This motion was granted on August 25, 1971.

## II. DISMISSAL OF FORFEITURE PROCEEDING AND POWER TO ADJUDICATE OWNERSHIP OF PROPERTY

Under the recent Supreme Court case of United States v. United States Coin and Currency, 1971, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, the forfeiture proceeding by the United States must fail. The internal revenue laws in question are unconstitutional under the Fifth Amendment.

Since the United States has not succeeded, this court can properly determine the ownership of the seized property. Section 2465 of Title 28 of the

United States Code provides, "(u)pon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agent; * * *" An adjudication of the ownership of the seized property in a forfeiture proceeding is proper where such property is to be returned to either the claimant or his agent. United States v. One 6.5 MM. Mannlicher-Carcano Military Rifle, 5 Cir. 1969, 406 F.2d 1170. Consequently, the court will make such an adjudication.

### III. OWNERSHIP OF SEIZED PROPERTY DID NOT PASS TO UNITED STATES

■ It is agreed that the seized property is not contraband and is not, therefore, forfeitable per se. Hence, Sections 2462 and 2463 of Title 28 of the United States Code make it clear that ownership of the seized property was not conveyed to the United States by the mere seizure of the property. Section 2463, setting forth the status of seized property, provides, "(a)ll property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." Section 2462 sets forth the time within which the United States must commence an action for the enforcement of a forfeiture.[1] Had ownership vested in the United States by mere seizure of the property, it would have been unnecessary for the United States to institute this forfeiture proceeding. The United States remained merely a claimant of the property. Ownership of the property remained in the original owners, Lane and Lewis.

### IV. ASSIGNMENT TO WHEELER AND KOORIE

■ Since the United States was not the owner of the property, Lane and Lewis were not making claims against the United States when they intervened in the forfeiture proceeding. They were asserting claims upon the *res* itself. They could, therefore, assign their ownership interest in the seized property without complying with the Assignment of Claims Act, 31 U.S.C. § 203. That act deals with "all transfers and assignments made of any claim *upon the United States.*" (Emphasis supplied.) Since the United States was not the owner of the property when the assignment was made, the act is inapplicable. United States v̂. Gillis, 1877, 95 U.S. 407, 24 L.Ed. 503 is not in point as the claim there was one *against* the United States itself. Of course, Wheeler and Koorie took subject to the United States' claim and would have received nothing had the United States succeeded.

### V. SUBSEQUENT UNITED STATES TAX LIEN

■ The jeopardy assessment and notice of levy given to the United States Marshal is ineffective against the $20,000.00, which had been previously assigned to Wheeler and Koorie. The assessment was made against Lewis and Lane. The rights of the United States are good only against property owned by those taxpayers at the time the levy was made. See 26 U.S.C. § 6321. Prior to that time, ownership of the $20,000.00 had been conveyed to Wheeler and Koorie. The levy is effective, however, against property held by the United States Marshal not assigned prior thereto.

In view of the above conclusions, the United States Attorney will prepare a

---

1. Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty; or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon. 28 U.S.C.A. § 2462.

form of order directing the United States Marshall for the Eastern District of Louisiana to pay $20,000.00 out of the $22,-993.00 to Wheeler and Koorie and to hold the balance subject to the claim of the United States for taxes.