**UNITED STATES of America**

v.

**Charles PRAETORIUS and Diann Praetorius, Defendants.**

**No. 78 CR 135.**

United States District Court,
E. D. New York.

Jan. 4, 1980.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Leonard A. Sclafani, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Diller, Schmukler & Asness, New York City (Martin L. Schmukler, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

On September 20, 1978, defendants Charles and Diann Praetorius moved pursuant to Rule 41(e) of the Rules of Criminal Procedure for return of property, among other items ninety-two thousand dollars in United States currency, seized by the government on March 16 and March 29, 1978. At the parties' request the hearing on the motion was thereafter adjourned and is now pressed by defendants' attorneys Diller, Schmukler & Asness ("Diller"), to whom defendants assigned their interest in the currency.

The background is as follows. In an indictment filed on March 13, 1978, the Praetoriuses and numerous other defendants were charged with violations of various sections of the drug laws. 21 U.S.C. § 841 *et seq.* On March 16, 1978 Drug Enforcement Administration ("DEA") agents and local police searched the Praetoriuses' house and seized certain items and currency, and on March 30th DEA agents searched for and seized additional items and currency from safe-deposit boxes rented to the Praetoriuses. A superseding indictment filed May 9, 1978 charged defendant Charles Praetorius in a further count under 21 U.S.C. § 848, a section which, among other penalties, provides for the forfeiture of the profits of a continuing criminal enterprise.

On the Praetoriuses' motion prior to trial the court on September 15, 1978 suppressed the use of the seized property on the government's direct case against them. *United States v. Praetorius*, 457 F.Supp. 329 (E.D.N.Y.1978). On September 20, 1978 they made this motion asking for the return of the property and stating that they had assigned the currency to Diller. The motion was adjourned pending the trials of the various defendants. The defendants conceded that the government could continue to hold the evidence for possible use on cross-examination of the Praetoriuses and against other defendants.

On September 29, 1978, the Internal Revenue Service ("IRS") issued a jeopardy tax assessment of $1,318,073.05 against Charles Praetorius, serving him with a notice and demand for payment of his unpaid tax liability for 1977. Under 26 U.S.C. § 6321 the United States thus acquired a lien in the amount of the assessment against all Charles Praetorius' property wherever located. On the same date, the IRS served a notice of levy against the property upon the Office of the United States Attorney.

On October 26, 1978, Charles Praetorius, although convicted of certain counts, was acquitted of the Section 848 count, thus precluding forfeiture of the property under that section. The trials of all of the defendants have now been concluded, and the Court of Appeals has affirmed the convictions returned. The time for some defendants to petition for certiorari has not yet expired. The United States Attorney continues to hold the property.

Both the government and Diller ask the court to determine the validity of the assignment on this motion. Diller seeks the currency pursuant to the assignment. The government opposes the motion and requests that the United States Attorney be permitted to honor the notice of levy of the IRS.

In brief, the government contends that the Praetoriuses' assignment to Diller is void under 31 U.S.C. § 203 and consequently that the currency seized is subject to the IRS lien. Diller argues that the assignment is valid and that as a result its interest vested prior to the imposition of the IRS lien.

Section 203 states in part:

All transfers and assignments made of any claim[s] upon the United States . . . shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof.

The assignment admittedly does not meet the requirements of Section 203. Thus, the issue is whether the Praetoriuses, at the time they made the assignment, had, and

made an assignment of, a "claim upon the United States" within the meaning of the section. Diller contends that the Praetoriuses' assertion of their interest was not a "claim upon the United States" but was a claim upon the *res* itself, since at the time of the assignment and prior to the IRS lien the government did not "own" the property but merely had custody of it. *See United States v. $22,993.00 in Currency,* 332 F.Supp. 1277, 1279 (E.D.La.1971).

The pertinent language of Section 203 was enacted in 1853. The Supreme Court has determined that the wording had several purposes, among others, to prevent possible multiple payments of claims, to make unnecessary the investigation of purported assignments, and to enable the United States to deal only with the original claimant. *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 373, 70 S.Ct. 207, 211, 94 L.Ed. 171 (1949).

Given these purposes the distinction made in *United States v. $22,993.00 in Currency, supra,* between a claim "upon the United States" and a claim to the *res* itself does not seem to this court to be useful. "Property" does not exist in a vacuum unrelated to persons. Any claim to property implies a relationship between two or more parties. An assertion of the exclusive right to present ownership and possession of an object is a claim to be allowed to exclude others from the possession or enjoyment of the object. When the claimant is not in possession, a demand for possession is, in any ordinary sense, a claim "upon" the holder. So here, where the United States holds the currency, the assertion of a right to its return is a "claim upon the United States."

In light of the objectives of Section 203 it can make no difference how extensive the rights of the government are. The government may claim the right to current and future possession and ownership of the object as contraband subject to forfeiture. *See, e. g., Trupiano v. United States,* 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948); *United States v. Melville,* 309 F.Supp. 829 (S.D.N.Y.1970); 21 U.S.C. § 881; 49 U.S.C.

§ 781 *et seq.* Or the government may merely be asserting a right to current but temporary possession of the object as evidence. *See, e. g., Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 302, 87 S.Ct. 1642, 1647, 18 L.Ed.2d 782 (1967); *United States v. Havens,* 592 F.2d 848 (9th Cir.), *cert. granted,* 444 U.S. 962, 100 S.Ct. 447, 62 L.E.2d 374, 48 U.S.L.W. 3349 (1979); *United States v. Wilson,* 540 F.2d 1100, 1103 n.4 (D.C. Cir. 1976); *United States v. Mariani,* 539 F.2d 915, 922–24 (2d.Cir. 1976). Indeed, the government may be asserting or have no right to withhold the object from the original owner, as, for example, where the government has inadvertently seized from a person an object not contraband nor useful as evidence.

In each case the United States, if it were required to recognize an assignment, would have to investigate its validity or deal with someone other than the party from whom the object was seized and would risk making multiple payments. Therefore, whenever the United States has possession of an object it has seized, whether or not the government asserts or has a right to own or to continue to possess the object, Section 203 should be read to invalidate an assignment.

In principle this case is no different from *Fisher v. United States,* 76 C. 2212 (E.D.N.Y.1977), in which Judge Dooling held that Section 203 invalidated an assignment of funds held by the United States pending a forfeiture proceeding, though there the United States had possession and a right to possess the funds at the time of the assignment.

In this case it is enough that the United States held the currency and the Praetoriuses claimed ownership and right to possession. While the government had possession, whatever rights to future possession and ownership the Praetoriuses had were a "claim upon the United States." When they assigned to Diller all their "right, title and interest" they assigned a "claim upon the United States." Under Section 203 this assignment is "absolutely null and void."

Since the assignment is void Diller may not claim against the United States. The papers before the court do not establish the extent to which the property at issue is subject to the lien against Charles Praetorius. Whether any portion belongs to Diann Praetorius, and if so whether the lien attached to that portion, has not been shown. Accordingly, the motion for return of the property is in all respects denied. So ordered.