**Edwin MARGER, Plaintiff,**

v.

**Griffin B. BELL, Attorney General of the United States, and the United States of America, Defendants.**

**Civ. No. 78–15 B.**

United States District Court,
D. Maine.

June 25, 1980.

J. Timothy Lawler, John W. Stokes, Robert O. Davies, Atlanta, Ga., Martha J. Harris, Bangor, Me., for plaintiff.

Francis P. Dicello, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., James W. Brannigan, Jr., Asst. U. S. Atty., Bangor, Me., Barbara A. Babcock, Asst. Atty. Gen., William P. Arnold, Jonathan B. Smith, Larry L. Gregg, Jeffrey Axelrad, John J. Farley, III, Dept. of Justice, Washington, D. C., for defendants.

### MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, Chief Judge.

Plaintiff Edwin Marger seeks to recover from the United States $250,955.43 seized by agents of the Drug Enforcement Administration ("DEA") pursuant to a controlled substance investigation by the Maine State Police, Division of Special Investigations ("DSI"). Presently named as defendants are the Attorney General of the United States and the United States of America. The matter is before the Court on cross-motions for summary judgment. The record consists of the pleadings, depositions, answers to interrogatories and admissions on file. The parties agree that there is no dispute as to any material fact. The issues have been fully briefed and argued.

The relevant facts may be set out briefly. On July 25, 1977, near Waterville, Maine, DSI agents stopped a car leased and driven by Linda Nichols pursuant to a warrant for the arrest of Pamela Kowal, Nichols' sister and a passenger in the car at the time. DEA agents, acting without a search warrant, searched the car and found the money in closed luggage with Nichols' name on it. Two days later, on July 27, Nichols assigned "all her right, title and interest" in the money to plaintiff, her attorney, "by way of attorneys' fees and costs." Plaintiff alleges that defendants have no lawful right to possession of the money because the agents obtained possession pursuant to an unlawful search and seizure in violation of the Fourth Amendment.[1] Plaintiff seeks the return of the money under Fed.R. Crim.P. 41(e) and 28 U.S.C. § 1361.

For the reasons to be briefly stated, defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

Rule 41(e) provides in relevant part: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized." To recover under the Rule, the claimant must be entitled to lawful possession and the seizure must be illegal.

---

1. Plaintiff challenges the stop and search of the automobile which resulted in the discovery of the money. There is no dispute, however, that plaintiff was not at the scene at the time and had absolutely no possessory, proprietary or any other interest in the automobile or its contents. As such, he simply has no standing to contest the stop and search. *Rakas v. Illinois*, 439 U.S. 128, 137, 148, 99 S.Ct. 421, 427, 433, 58 L.Ed.2d 387 (1978).

*Shea v. Gabriel,* 520 F.2d 879, 882 (1st Cir. 1975), *citing* Advisory Committee Note, 56 F.R.D. 143, 170 (1972). A district court may also order the return of property lawfully seized by the government under the court's supervisory power over law enforcement personnel if the government retains the property as evidence for an unreasonable time without bringing a prosecution or if the government's retention is not reasonably related to the need asserted by the government. *Shea v. Gabriel, supra; United States v. Premises Known as 608 Taylor Avenue,* 584 F.2d 1297, 1302–03 (3d Cir. 1978). Under this theory also the plaintiff must show that he is entitled to lawful possession of the seized property. *Id.*

■ In the present case, plaintiff's claim to the seized money arises solely from the purported assignment given by Nichols, and not upon his own independent right to the money. As such, plaintiff's claim is governed by the Federal Anti-Assignment Statute, 31 U.S.C. § 203. Since the assignment totally fails to satisfy the requirements of that statute, the assignment is unenforceable against the United States.

The Federal Anti-Assignment Statute, the relevant language of which is set out in the margin,[2] provides that "[a]ll . . . assignments made of any claim upon the United States . . . shall be absolutely null and void," unless they (1) "are freely made and executed in the presence of at least two attesting witnesses," (2) are executed "after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof," (3) "recite the warrant for payment," (4) are "acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and are certified by the officer," and (5) were read and fully explained by the officer, at the time of the acknowledgment, to the person ac-

knowledging the same, as demonstrated by the certificate. 31 U.S.C. § 203.

These statutory requirements are not satisfied by the assignment upon which plaintiff rests his present claim. Plaintiff has not demonstrated that the claim has been allowed, that the amount due has been ascertained, that a warrant has been issued for the payment of the claim, or that the assignment was certified by an authorized officer who read and fully explained the assignment to Nichols at the time she acknowledged the same. Thus, the assignment is "absolutely null and void" as against the United States. *Segal v. Rochelle,* 382 U.S. 375, 382, 86 S.Ct. 511, 516, 15 L.Ed.2d 428 (1966) (quoting 31 U.S.C. § 203); *Martin v. National Surety Co.,* 300 U.S. 588, 594–97, 57 S.Ct. 531, 533–35, 81 L.Ed. 822 (1937); *Hager v. Swayne,* 149 U.S. 242, 247–48, 13 S.Ct. 841, 843, 37 L.Ed. 719 (1893); *United States v. Gillis,* 95 U.S. 407, 413, 24 L.Ed. 503 (1877).

■ Plaintiff argues that defendants have waived their defense under Section 203 by not raising it in their answer, as required for affirmative defenses by Fed.R. Civ.P. 8(c). It is not clear whether the sufficiency of the assignment under Section 203 must be pleaded by defendant as an "avoidance or affirmative defense" under Fed.R.Civ.P. 8(c) or by plaintiff as the "performance or occurrence of conditions precedent" under Fed.R.Civ.P. 9(c). *See* 5 Wright & Miller, Federal Practice and Procedure § 1271 (1969); 2A Moore's Federal Practice ¶ 8.27[3] & [4]. It is true that Section 203 is for the protection of the government and the government can waive its protections, for example, by paying the claim of the assignee. *Martin v. National Surety Co., supra* 300 U.S. at 594–97, 57 S.Ct. at 533–35. But Section 203 cannot be waived prior to the allowance of a claim,

2.  The relevant portion of 31 U.S.C. § 203 reads:
    All transfers and assignments made of any claim upon the United States, . . . except as hereinafter provided, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers [and] as-

signments . . . must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the . . . assignment . . . to the person acknowledging the same.

and it may only be waived by the proper agents of the government. *United States v. Shannon*, 186 F.2d 430, 432–33 (4th Cir. 1951), *reversed on other grounds*, 342 U.S. 288, 72 S.Ct. 281, 96 L.Ed. 321 (1952). Furthermore, "an officer of the Government cannot waive its rights without express authority." *Isthmian Steamship Co. v. United States*, 302 F.2d 69, 71 (2d Cir. 1962) (per curiam). *Accord, Corkle v. United States*, 94 F.Supp. 908, 911–12 (E.D.S.C.1951); *see Montana Power Co. v. Federal Power Commission*, 185 F.2d 491, 497 (D.C.Cir.1950), *cert. denied*, 340 U.S. 947, 71 S.Ct. 532, 95 L.Ed. 683 (1951); *Goltra v. United States*, 96 F.Supp. 618, 623–24, 119 Ct.Cl. 217 (1951). The government is not bound by the negligent failure of pleading of its representatives. *Corkle v. United States, supra* at 911–12. And finally, "[f]ailure to plead matter which constitutes an affirmative defense does not . . . preclude a party from taking advantage of the opposing party's proof, if such proof establishes the defense." 2A Moore's Federal Practice ¶ 8.27[3], at 8–255 (2d ed. 1979). Here, plaintiff relies solely on the assignment as the basis for his claim. On its face, the assignment demonstrates that Section 203 has not been complied with, and, therefore, plaintiff's own evidence raises the defense. Thus, plaintiff's argument that waiver precludes the application of Section 203 to the assignment in this case fails.

█ Plaintiff's final argument is that Section 203 is inapplicable to the assignment because the United States had asserted no present claim to the money at the time of the assignment (as distinguished from a possible or future claim). Thus, plaintiff asserts, the assignment was of a claim upon the *res* itself and not of a "claim upon the United States." *See United States v. $22,993.00 in Currency*, 332

F.Supp. 1277, 1279 (E.D.La.1971); *King v. United States*, 292 F.Supp. 767, 773–74 (D.Colo.1968). The Court must disagree.

█ By its own terms, Section 203 applies to "any claim upon the United States." There is nothing in the statutory language to warrant the restrictive interpretation for which plaintiff contends. As the Supreme Court has said of Section 203: "No language could be broader or more emphatic than these enactments. The words embrace every claim against the United States, however arising, of whatever nature it may be, and wherever and whenever presented." *United States v. Gillis, supra* 95 U.S. at 413. Indeed, the Court has made clear that Section 203 safeguards governmental interests by protecting the government whenever a demand is made upon it to make payment or deliver property. "[T]he intent of Congress was that the assignment of naked claims against the government for the purpose of suit, or in view of litigation or otherwise, should not be countenanced." *Hager v. Swayne, supra* 149 U.S. at 247–48, 13 S.Ct. at 843. *See also United States v. Shannon*, 342 U.S. 288, 291–93, 72 S.Ct. 281, 283, 96 L.Ed. 321 (1952); *United States v. Aetna Surety Co.*, 338 U.S. 366, 373, 70 S.Ct. 207, 211, 94 L.Ed. 171 (1949); *Martin v. National Surety Co., supra* 300 U.S. at 594–95, 57 S.Ct. at 533.[3] Thus, even if the government seizes property arbitrarily or illegally, as plaintiff alleges occurred in this case, the action to recover the property from the custody of the United States constitutes a "claim against the United States" for the purposes of Section 203. *Accord, United States v. Praetorius*, 487 F.Supp. 13 (E.D.N.Y.1980).

The Court holds that plaintiff's claim is barred by the Federal Anti-Assignment Statute, 31 U.S.C. § 203.[4]

---

**3.** The Act has three basic objectives: first, to prevent persons of influence from buying up claims which might then be improperly urged upon Government officials; second, to prevent possible multiple payment of claims and avoid the necessity of the investigation of alleged assignments by permitting the Government to deal only with the original claimant; and third, to preserve for the

Government defenses and counterclaims which might not be available against an assignee.
*Kingsbury v. United States*, 563 F.2d 1019, 1024 (Ct.Cl.1977) (per curiam).

**4.** In light of the Court's finding that plaintiff's claim is barred by the Federal Anti-Assignment Statute, the Court need not reach defendants'

**14**

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is GRANTED; plaintiff's motion for summary judgment is DENIED; and the Clerk of this Court is directed to enter judgment DISMISSING the action with prejudice and with costs.

alternative arguments that the assignment, as an assignment between an attorney and his client, is presumptively invalid under Maine law, and that, in any event, Nichols did not have any assignable interest in the money.