William N. KNIGHT and J.T. Attaway, Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 84–53–COL.

United States District Court, M.D. Georgia, Columbus Division.

May 15, 1984.

---

See also 596 F.Supp. 543.

Jerry D. Sanders, Columbus, Ga., for plaintiffs.

Gerald B. Leedom, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER ON MOTION OF UNITED STATES OF AMERICA TO DISMISS COUNT I OF PLAINTIFFS' COMPLAINT

ELLIOTT, District Judge.

According to the allegations of the complaint above identified the Plaintiffs are engaged in "discounting federal income tax refund checks of private individuals". The Plaintiffs pay a taxpayer a percentage of the claimed refund and obtain a purported assignment of the refund. They allege that they were informed by representatives of the Internal Revenue Service that the discounting of income tax refunds was not prohibited by law and that they were given the appropriate forms to effectuate such practices. Specifically, they refer to power of attorney forms pursuant to which an individual taxpayer would grant to one of the Plaintiffs or an agent of one of the Plaintiffs the right to receive the taxpayer's income tax refund check. They allege that after they began their discounting operation they were notified that the Internal Revenue Service had decided to dishonor the purported powers of attorney and that the Atlanta Service Center would no longer send refund checks to the address of Plaintiff Knight or Plaintiff Attaway.

The Plaintiffs have requested that the Court restrain the Defendants both temporarily, preliminarily and permanently from "dishonoring the powers of attorney" for the tax returns identified in exhibits which are attached to the Plaintiffs' complaint. The Court conducted a hearing on the application of the Plaintiffs for a temporary restraining order and denied the issuance of such an order, reserving ruling on the question of preliminary injunctive relief.

The United States of America has now filed a motion to dismiss Count I of the Plaintiffs' complaint, that being the Count which seeks injunctive relief, and has filed a brief in support of the motion. The

Plaintiffs have filed a brief in opposition to the motion.

The Plaintiffs' contention is that they have expended money in their discounting operation and that the Internal Revenue Service should be required to forward individual taxpayer refund checks to the Plaintiffs instead of to the taxpayers whose returns form the basis of the refunds. The Plaintiffs rely upon purported assignments of the tax refunds to them by the individual taxpayers and in effect request the Court to require the Government to honor the purported assignments.

The Anti-Assignment Act (31 U.S.C. § 3727) unambiguously excuses the United States from purported private assignments of income tax refunds prior to submission of the tax return and allowance of the refund by the Internal Revenue Service, that being the circumstance here involved. The Plaintiffs are alleging in effect that by the actions, advice and conduct of agents and officers of the Internal Revenue Service, the Government bound itself to honor the assignments of the purported income tax refunds, the Plaintiffs taking the position that agents of the Government waived the protection or applicability of the Anti-Assignment Act. No such waiver may be asserted against the Government, it being recognized that the Anti-Assignment Act may not be waived by agents of the Government in advance of allowance of the claim which is the subject of the assignment. See *United States v. Shannon*, 186 F.2d 430, at 432–433 (4 Cir.1951); *Marger v. Bell*, 510 F.Supp. 9, at 12–13 (D.Maine, 1980); *Augusta Aviation, Inc. v. United States*, 671 F.2d 445, at 449 (11 Cir.1982).

The Court notes that in the brief filed by the Plaintiffs in opposition to the Defendant's motion the Plaintiffs contend that the Anti-Assignment Act is not relevant to the injunctive issues in this case because they assert that they are not seeking relief designed to require the Defendants to honor any such assignment transactions with its various customers. However, regardless of how the Plaintiffs may characterize their claims, they are request-ing in fact and in substance that the Internal Revenue Service be required to forward refund checks to the Plaintiffs rather than to the taxpayers whose returns support the claimed tax refunds. Simply because one of the documents involved in the assignments was a "power of attorney" form purporting to make the Plaintiffs "agents" of the taxpayers does not change the fact that the Plaintiffs are in fact asserting an ownership interest in the subject tax refunds. A review of the Plaintiffs' complaint makes only one inference permissible, that being that the taxpayers purported to assign their claims to refunds to the Plaintiffs and the Plaintiffs now request enforcement of the assignments of those claims against the Internal Revenue Service. If the Plaintiffs did not intend to exercise full ownership rights in the refund checks they would not find it necessary to resist efforts to return the checks to the taxpayers instead of to the Plaintiffs.

With regard to the Plaintiffs' professed reliance on the "power of attorney" forms, it is noted that there is a pertinent treasury regulation (§ 601.506(b)) which states specifically that the "Revenue Service is not bound to deliver any check in payment of refund of internal revenue taxes, penalties or interest to a representative of any taxpayer acting under authority evidence by a power of attorney." That regulation is consistent with the provisions of the Anti-Assignment Act, and there appears to be no basis for suggesting that the regulation is invalid.

Consistent with the foregoing, the Court determines that the Defendant's motion to dismiss Count I of the Plaintiffs' complaint should be and the same is sustained and that Count of the complaint is stricken.

IT IS SO ORDERED.