PER CURIAM:
Granted. The ruling of the district court with respect to relator’s motion for the return of $6,685.00 in currency is reversed; this case is remanded to the district court with instructions to order release of the money to relator.
The district court ruled correctly that the state had no basis for forfeiting any of the property taken from relator or from within *721 his immediate control by the Baton Rouge City Police on the night of June 16, 1988. The court could then properly determine the rightful ownership of that property, including the $6,685.00 in currency found inside a shoebox taken from the passenger compartment of the rented car driven by relator. Cf., 28 U.S.C. § 2465; United States v. One 6.5 MM. Mannlicher-Carcano Military Rifle, 406 F.2d 1170 (5th Cir.1969); United States v. $22,993.00 In Currency, 332 F.Supp. 1277 (E.D.La.1971). In the course of these proceedings, which have lasted for over a year, only relator has asserted a claim to the money, and his testimony remains unrebutted. The other alleged owner, Sheila Howard, has not intervened in the proceedings, despite notice of the state’s forfeiture motion. Notwithstanding relator’s initial disclaimers to the police on the night of the seizure, he did have dominion and control over the shoebox found in plain view in the passenger compartment of the car and he was therefore in constructive possession of it at the time of the seizure. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Walker, 369 So.2d 1345 (La.1979). Under these circumstances, with no other claimant asserting a right to ownership, and with the matter of ownership contested only by the state which has no lawful basis for retaining the money, the district court erred in denying relator’s motion for the return of the $6,685.00 in currency.